IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01986-WYD-MJW

FIDELITY BROKERAGE SERVICES LLC, a limited liability company,

    Plaintiff,

v.

ERIC VEVE, an individual,

    Defendant.

## TEMPORARY RESTRAINING ORDER

    THIS MATTER came before the Court during a hearing on August 1, 2012, on Fidelity Brokerage Services, LLC's ("Fidelity") Motion for a Temporary Restraining Order (Without Security), filed July 30, 2012 [ECF No. 3].  The Court, having read and considered the Complaint on file in this Action, the Motion, and the Declarations of Leslie Blickenstaff, C. Nick Powell, Hillary Reising, Bruce Rittenour, and Maurice Stouse filed in support thereof, being fully advised in the premises, and good cause appearing therefore, hereby finds and orders as follows.

    This Court finds the following:

    1.    Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendant Eric Veve ("Veve");

    2.    Fidelity will suffer irreparable harm and loss if Veve is permitted to continue to misappropriate Fidelity's trade secret customer information and use that information to solicit Fidelity's customers;

3. Fidelity will also suffer irreparable harm and loss if Veve is permitted to continue to mislead customers by telling them he is still associated with Fidelity while, in fact, he has left and joined forces with one of Fidelity's competitors;

4. Fidelity has no adequate remedy at law;

5. Greater injury will be inflicted upon Fidelity by denial of temporary injunctive relief than would be inflicted upon Veve by the granting of such relief;

6. The issuance of injunctive relief will serve the public interest in the enforcement of reasonable contracts, the protection of proprietary business and customer information and Fidelity's trade secret customer information, and the safeguarding of Fidelity's customers' personal information; and

7. Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Fidelity is required to seek interim injunctive relief in a court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

Accordingly, it is hereby

ORDERED that Fidelity's Motion for a Temporary Restraining Order (Without Security), filed July 30, 2012 [ECF No. 3], is **GRANTED**. In accordance therewith, it is

ORDERED that for a period of twenty (20) days and effective immediately, Veve is enjoined from committing, either directly or indirectly, and whether acting alone or in concert with others, the following acts until further Order of this Court:

(i) soliciting, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Veve served or any

customer, individual, or entity whose name became known to Veve while in the employ of Fidelity, including, without limitation, all customers, individuals, or entities of whom Veve learned through his employment with Fidelity;

(ii) using, disclosing, transmitting, and continuing to possess for any purpose, including solicitation of customers, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, and confidential financial information of any customer, individual, or entity of whom Veve learned through his employment with Fidelity; and

(iii) representing to any person, including but not limited to Fidelity customers whom Veve served or any customer, individual, or entity whose name became known to Veve while in the employ of Fidelity, that he is employed by or affiliated with Fidelity in any way.  It is

FURTHER ORDERED that nothing in this Order prohibits Mr. Veve from answering calls from Fidelity customers who initiate contact with him, and conducting meetings that were scheduled prior to the entry of this Order, but this shall not permit him to initiate contact with any Fidelity customer, prospect, or other individual whose name became known to him while in the employ of Fidelity.  It is

FURTHER ORDERED that Veve, and anyone acting in concert with him, including any agent, employee, officer or representative of Veve's new employer, shall return to Fidelity any and all records, documents, and/or information pertaining to Fidelity's customers, whether in electronic, handwritten, or any other form within five (5) days of entry of this Order, including any and all copies.  This requirement includes all

records or documents, in any form, created by Veve, or anyone acting in concert with him, based on documents or information that was received or removed from Fidelity by Veve.  Mr. Veve shall not be required to return information in an Epiqwest computer system or on Epiqwest forms for individuals who have agreed to begin customer relationships with Epiqwest.  It is

FURTHER ORDERED that Veve shall file a declaration attesting that he has returned to Fidelity all information subject to this Order within seven (7) days from the entry of this Order.  It is

FURTHER ORDERED that, pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties will proceed to an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure.  It is

FURTHER ORDERED that this Order is not intended to modify or limit the provisions of the Fidelity Employment Agreements signed by Mr. Veve.  Nothing in this Order shall prevent Fidelity from seeking an award of damages in connection with customers with whom Mr. Veve speaks under the terms of this Order.  It is

FURTHER ORDERED that this Order is effective immediately and does not require the posting of an injunction bond because Fidelity will not suffer harm as a result of the injunction.  It is

FURTHER ORDERED that the parties shall file a joint status report no later than **Friday, August 17, 2012**.

Dated:  August 1, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge